AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| United States of America | |
|---|---|
| v. | ) Case: 1:21-mj-00172 |
| Greg Rubenacker | ) Assigned to: Judge Zia M. Faruqui |
| | ) Assign Date: 1/27/2021 |
| | ) Description: COMPLAINT W/ ARREST WARRANT |
| *Defendant* | ) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*                                    Greg Rubenacker                                    ,
who is accused of an offense or violation based on the following document filed with the court:

❒ Indictment    ❒ Superseding Indictment    ❒ Information    ❒ Superseding Information    ☒ Complaint
❒ Probation Violation Petition    ❒ Supervised Release Violation Petition    ❒ Violation Notice    ❒ Order of the Court

This offense is briefly described as follows:

18 U.S.C. 1752(a)(1)&(2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; 40 U.S.C. 5104(e)(2)(D)&(G) - Violent Entry and Disorderly Conduct on Capitol Grounds

Date:     01/27/2021

2021.01.27
17:58:22 -05'00'

*Issuing officer's signature*

City and state:          Washington, D.C.                    Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)*  Jan 28 2021, and the person was arrested on *(date)*  Feb 9 2021 at *(city and state)*  Farmingdale, NY . |
| Date:  Feb 9 2021 |

*Arresting officer's signature*

SA  Kevin  Gallagher
*Printed name and title*

DMP/JAM:OO
F. #2021R00074

FILED
CLERK

4:21 pm, Feb 09, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

GREG RUBENACKER,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

AFFIDAVIT IN SUPPORT
OF REMOVAL TO THE
DISTRICT OF COLUMBIA

(Fed. R. Crim. P. 5)

Case Number 21-MJ-164

EASTERN DISTRICT OF NEW YORK, SS:

        KEVIN GALLAGHER, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

        On or about January 27, 2021, the United States District Court for the District of Columbia issued an arrest warrant commanding the arrest of GREG RUBENACKER for violations of Title 18, United States Code, Sections 1752(a)(1) & (2) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority) and Title 40, United States Code, Sections 5104(e)(2)(D) & (G) (Violent Entry and Disorderly Conduct on Capitol Grounds).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      On or about January 27, 2021, the United States District Court for the District of Columbia issued an arrest warrant commanding the arrest of GREG RUBENACKER in connection with a complaint charging him with violations of Title 18, United States Code, Sections 1752(a)(1) & (2) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority) and Title 40, United States Code, Sections 5104(e)(2)(D) & (G) (Violent Entry and Disorderly Conduct on Capitol Grounds). True and correct copies of the arrest warrant and redacted complaint are attached hereto as Exhibit A and Exhibit B, respectively.

2.      On February 9, 2021, at approximately 6:35 a.m., the defendant GREG RUBENACKER was arrested inside of 107 Greenway Drive, Farmingdale, New York.   The arrested individual identified himself as "Greg Rubenacker," and also provided his date of birth, which matches the date of birth of the individual wanted in the District of Columbia.

3.      I have compared the person depicted in photographs of GREG RUBENACKER at the U.S. Capitol Building that are contained in Figures Two and Three of the Complaint attached as Exhibit B with the defendant GREG RUBENACKER who was arrested earlier this morning, and I believe that they are the same person.

---

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3

4.    Based on the foregoing, I submit that there is probable cause to believe that the defendant is the individual wanted in the District of Columbia.

WHEREFORE, your deponent respectfully requests that the defendant GREG RUBENACKER be removed to the District of Columbia so that he may be dealt with according to law.

KEVIN GALLAGHER
Special Agent, Federal Bureau of Investigation

Sworn to before me this
9th day of February, 2021

/s/ STEVEN I. LOCKE

THE HONORABLE STEVEN I. LOCKE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case: 1:21-mj-00172 |
| Greg Rubenacker | ) Assigned to: Judge Zia M. Faruqui |
| | ) Assign Date: 1/27/2021 |
| | ) Description: COMPLAINT W/ ARREST WARRANT |
| | ) |
| *Defendant* | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*                           Greg Rubenacker                           ,

who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment     ❏ Superseding Indictment     ❏ Information     ❏ Superseding Information     ☒ Complaint
❏ Probation Violation Petition     ❏ Supervised Release Violation Petition     ❏ Violation Notice     ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. 1752(a)(1)&(2) - Knowingly Entering or Remaining in any Restricted Building or Grounds
Without Lawful Authority; 40 U.S.C. 5104(e)(2)(D)&(G) - Violent Entry and Disorderly Conduct on
Capitol Grounds

2021.01.27
17:58:22 -05'00'

Date:     01/27/2021

*Issuing officer's signature*

City and state:          Washington, D.C.          Zia M. Faruqui, U.S. Magistrate Judge

*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ |
| at *(city and state)* _____ . |
| |
| Date: _____          _____ |
| *Arresting officer's signature* |
| |
| _____ |
| *Printed name and title* |

# EXHIBIT B

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>Greg Rubenacker<br><br>**Date of Birth:** XXXXXX<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:21-mj-00172
Assigned to: Judge Zia M. Faruqui
Assign Date: 1/27/2021
Description: COMPLAINT W/ ARREST WARRANT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the
_____ in the District of ____ Columbia ____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1752(a)(1)&(2) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority;<br><br>40 U.S.C. 5104(e)(2)(D)&(G) - Violent Entry and Disorderly Conduct on Capitol Grounds | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

John M. Mocello, Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: _____ 01/27/2021 _____

2021.01.27
17:59:00 -05'00'
_____
*Judge's signature*

City and state: _____ Washington, D.C. _____

Zia M. Faruqui, U.S. Magistrate Judge
*Printed name and title*

Assigned to: Judge Zia M. Faruqui
Assign Date: 1/27/2021
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

Your affiant, John M. Mocello, has been employed as a Task Force Officer (TFO) by the Federal Bureau of Investigation (FBI) since 2015. Currently, I am assigned to the Washington Field Office, where I am tasked with investigating criminal activity in and around the Capitol grounds. As a TFO, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws. The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Michael R. Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of

violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

Multiple tipsters have provided Snapchat videos to the FBI's National Threat Operations Center (NOTC). Snapchat is a mobile application (App) for Android and iOS (Apple) devices. One of the core concepts of the Snapchat app is that users can share pictures, videos, and messages with other Snapchat users. Content that users send is available to the recipient for only a short time before it becomes inaccessible, but recipients can save or screenshot that content using the recipient's device. Additionally, users can create Snapchat "stories," in which users can splice together photographs, videos, and messages into a one video that remains available for the user's friends to see for longer periods of time.

On January 11, 2021, for example, a witness submitted a recording of a Snapchat "story" that user GREG RUBENACKER had posted from his account. The witness stated that Snapchat user RUBENACKER had sent multiple Snapchat videos to the witness from inside the Capitol building on January 6, 2021. User RUBENACKER then posted some of those videos merged together in a "story" that other Snapchat users could see, including the witness. In an interview with the FBI, the witness explained that it watched the Snapchat story and knew the individual depicted throughout the videos to be GREG RUBENACKER of New York. The witness stated it had known RUBENACKER for multiple years and had attended school with RUBENACKER. Your affiant also searched the New York Department of Motor Vehicles and discovered a driver's license photograph for a GREG RUBENACKER. When shown the driver's license photograph, the witness stated that the photograph depicted the same GREG RUBENACKER it knew and had observed in the Snapchat story. Your affiant thus believes the individual in the Snapchat story described below is GREG RUBENACKER.

In the Snapchat "story," the username "GREG RUBENACKER" is clearly visible in the upper left corner of the screen. For about the first twenty-four seconds, the first video depicts a crowd of individuals with the Washington Monument visible in the background and the caption, "America is pissed." A screenshot of the video is below in Figure One, with a red oval around the username in the upper left corner.



*Figure One*

At about twenty-four seconds into the recording, the Snapchat story switches to the second video segment.  In it, the user recording the video is following other rioters inside what appears to your affiant to be the Capitol.  The user making the recording can be heard saying, "Holy shit! This is history!  We took the Capitol!"  Your affiant believes the user recording the video is the individual who uttered these words, because the clarity and decibel of the words as compared to other sounds in the video indicate that the speaker is close enough to the camera to be the one recording.

At about thirty-eight seconds into the recording, the Snapchat story switches to the third video segment.  Now, RUBENACKER shows his face while standing in what appears to be the Capitol Rotunda.  RUBENACKER appears to be wearing a baseball cap with a red underbill, a winter jacket with a brown, fuzzy hood up over the baseball cap, and a blue and white surgical face mask.  He also is sporting a dark-colored mustache and what appears to be a bleached long beard that is partially tucked into his jacket that is zipped up.  RUBENACKER is smoking what appears to be a blue electronic cigarette or other similar vaping device.  He inhales from the device and blows out smoke into the Rotunda on a number of occasions.  Recording from below and pointing up showing his face and the Rotunda ceiling, RUBENACKER looks into the camera and says, "America, baby.  What a time."  A screenshot of the video is below in Figure Two, again with the username highlighted in the upper left corner with a red oval.

Later, at about fifty seconds into the recording, the Snapchat story switches to the fourth and final installment.  The video shows RUBENACKER sitting near a painting in the Capitol Rotunda and pans around to show the Capitol Rotunda and other rioters.  RUBENACKER now has his brown hood down and is smoking what appears to be a marijuana cigarette (or "joint"). Early on, RUBENACKER looks into the camera and says, "Smoke out the Capitol, baby." RUBENACKER then shows other individuals sitting near him and smoking in the Rotunda with a distinctive statue standing nearby.  One of the other individuals then says "How many joints we have?" and can be seen counting the people around him smoking, including RUBENACKER who is holding his marijuana cigarette up in the air.  RUBENACKER then immediately pans the camera back to himself and says "Hell yeah," as he puts the cigarette back into his mouth, inhales, and exhales smoke into the Capitol Rotunda.  A screenshot of this final video in the Snapchat story is below in Figure Three, again with the username highlighted in the upper left corner with a red oval.




*Figure Two*                              *Figure Three*

Based on the foregoing, your affiant submits that there is probable cause to believe that GREG RUBENACKER violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that GREG RUBENACKER violated 40 U.S.C. § 5104(e)(2)(D)&(G), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

_____

JOHN M. MOCELLO
TASK FORCE OFFICER, FBI

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 27th day of January 2021.

2021.01.27
18:00:20
-05'00'

_____

ZIA M. FARUQUI
U.S. MAGISTRATE JUDGE

```
MIME-Version:1.0
From:ecf_bounces@nyed.uscourts.gov
To:nobody@nyed.uscourts.gov
Bcc:
--Case Participants: Olatokunbo Olaniyan (olatokunbo.olaniyan@usdoj.gov), Michaelangelo
Matera (mmatera@materalaw.com), Magistrate Judge Steven I. Locke
(kristin_gandiosi@nyed.uscourts.gov, max_bartell@nyed.uscourts.gov,
megan_reilly@nyed.uscourts.gov, steven_locke@nyed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:15577734@nyed.uscourts.gov
Subject:Activity in Case 2:21-mj-00164-SIL USA v. Rubenacker Arrest - Rule 40
Content-Type: text/html
```

## U.S. District Court

## Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 2/11/2021 at 3:06 PM EST and filed on 2/9/2021

**Case Name:**      USA v. Rubenacker

**Case Number:**      <u>2:21-mj-00164-SIL</u>

**Filer:**

**Document Number:** No document attached

**Docket Text:**
 **Arrest (Rule 40/5) of Greg Rubenacker (Gandiosi, Kristin)**


**2:21-mj-00164-SIL-1 Notice has been electronically mailed to:**

Michaelangelo Matera     mmatera@materalaw.com

Olatokunbo Olaniyan     olatokunbo.olaniyan@usdoj.gov

**2:21-mj-00164-SIL-1 Notice will not be electronically mailed to:**

BEFORE: STEVEN I. LOCKE                           DATE: 2/9/21
UNITED STATES MAGISTRATE JUDGE                    TIME: 2:00 pm

<u>**CRIMINAL CAUSE FOR REMOVAL**</u>

**DOCKET No. MJ 21-164(SIL) USA v. RUBENACKER**

**DEFENDANT: Greg Rubenacker**          **DEF. # 1**
☒   Present  ☐ Not Present        ☒   Custody ☐   Bail/Surrender

**DEFENSE COUNSEL**:Michael Matera
☐      Federal Defender      ☐    CJA        ☒      Retained

**A.U.S.A.**: Olatokunbo Olaniyan

INTERPRETER:  ()

PROBATION OFFICER/PRETRIAL: **Marnie Gerardino**

COURT REPORTER / FTR LOG :_____  MAGISTRATE DEPUTY: KMG

☒      Case called  ☒     Counsel for all sides present

☒      Removal Proceeding.  **Other District: District of Columbia**

☒      <u>Defendant states his true name to be Greg Rubenacker</u>

☒      Initial Appearance and Arraignment

Idenitiy Hearing:    ☒   Waived

☐      Waiver of Speedy Indictment/Trial executed; time excluded from _____ through

☒      Order Setting Conditions of Release and Bond entered.

☐      Permanent Order of Detention entered.

☐      Temporary Order of Detention entered.

☐      Detention Hearing scheduled for:

☐      Bail Hearing held.  Disposition:

☒      Next Court appearance scheduled for a date in February in front of the Duty Magistrate in the District of Columbia. The link for this appearance is below; https://uscourts-dcd.zoomgov.com/j/16189525787?pwd=Wlh3MUY5VTRZTUFSYXM5REliN2UvZz09

Meeting ID: 161 8952 5787

Passcode: 860903

Defendant:   ☒   Released on Bond;   ☐   Remains in Custody.

OTHER:   Defendant consents to the arraignment/removal to be conducted via the Court's WebEx video line. Special Agent Gallagher has been sworn to the complaint. A Rule 5f has been issued.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X

UNITED STATES OF AMERICA                    ORDER


          -against-

GREG RUBENACKER,                    Case Number:  **21MJ164(SIL)**

----------------------------------------------------X

STEVEN I. LOCKE, United States Magistrate Judge:

      This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

      The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

      As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in

advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future.  These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.
[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution.  *See* 18 U.S.C. app. 3 §§ 1 *et seq*.

2

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.


SO ORDERED.

Dated: February 9, 2021
       Central Islip, NY

_/s/ STEVEN I. LOCKE_____
United States Magistrate Judge

3

United States District Court, Eastern District of New York

FILED
CLERK
6:28 pm, Feb 09, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES OF AMERICA

V.

Gregory Rubenacker _____, Defendant.

ORDER SETTING CONDITIONS OF RELEASE
AND APPEARANCE BOND

Case Number: 21MJ164 (SIL)

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

☐ Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or

☑ Upon **Bond** executed by the defendant in the amount of $ 50,000 _____, and

secured by ☐ financially responsible sureties listed below and/or ☐ collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

☑ 1. The defendant must remain in and may not leave the following areas without Court permission: ☑ New York City; ☑ Long Island, NY; ☐ New York State; ☐ New Jersey; ☑ District of Columbia for court __ and travel to and from this Court and the permitted areas.

☑ 2. The defendant must avoid all contact with the following persons or entities: Co-conspirators, unless in presence of counsel. ◼ No participation in any political rallies, gatherings, or social media exchanges.

☑ 3. The defendant must avoid and not go to any of the following locations: U.S. Capitol or any State Capitol Buildings. _____

☑ 4. The defendant must surrender all passports to Pretrial Services by 2/11 and not obtain other passports or international travel documents.

☑ 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:

  ☑ a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work;

  ☑ b. must report ☑ as directed by Pretrial Services or ☐ in person __ times per __ and/or ☑ by telephone 1 times per week⊕.

  ☐ c. must undergo ☐ testing, ☐ evaluation and/or ☐ treatment for substance abuse, including alcoholism, as directed by Pretrial Services.

  ☑ d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.

  ☐ e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services:

    ☐ home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment;

    ☐ home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, ☐ religious services, ☐ employment, ☐ school or training, ☐ other activities approved by Pretrial Services, ☐ _____

  ☐ curfew: restricted to home every day from _____ to _____, or ☐ as directed by Pretrial Services.

  ☐ Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds, based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.

☑ 6. Other Conditions: Possess no firearms, weapons or other destructive devices. .

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $ _____ and that this obligation is secured with the below interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

☐ cash deposited in the Registry of the Court in the sum of $_____ ;

☐ premises located at: _____ owned by _____ .

☐ I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _____ .

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs. Date

_____ Address: _____
, Surety

_____ Address: _____
, Surety

_____ Address: _____
, Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse sides of this form.

*Huer*

Signature of Defendant

Release of the Defendant is hereby ordered on **February 9** 20 **21**

_____ , US **MJ**

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:
(1) The defendant must not violate any federal, state or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.
(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.
(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION
## AND FOR LOCATION MONITORING

1.   If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2.   The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.   Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3.   If defendant is subject to a location restriction program or location monitoring, defendant must:
    (a)  stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
    (b)  abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology:  Radio Frequency (RF) monitoring;  Passive Global Positioning Satellite (GPS) monitoring;  Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond.  The court may immediately order the amount of the bond and any Collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence defendant may receive.
It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony - defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.
A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  21MJ164(SIL) |
| | ) | |
| GREG RUBENACKER | ) | |
| | ) | Charging District's Case No.  1:21MJ172 |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* _____District of Columbia_____

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

X☐     a preliminary hearing.

☒     a detention hearing.

☒     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:     _____02/09/2021_____          _____
                                                                              *Defendant's signature*

                                                                       *tst Michaelangelo Matera*
                                                               _____
                                                                     *Signature of defendant's attorney*

                                                                       MICHAEL MATERA
                                                               _____
                                                                     *Printed name of defendant's attorney*

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 21MJ164(SIL) |
| GREG RUBENACKER | ) | |
| | ) | Charging District:    District of Columbia |
| *Defendant* | ) | Charging District's Case No.  1:21-MJ-00172 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| | | |
|---|---|---|
| Place: https://uscourtsdcd.zoomgov.com/j/16189525787pwd =Wlh3MUY5VTRZTUFSYXM5REliN2UvZz09 | Courtroom No.: | Meeting ID: 161 8952 5787 |
| | Date and Time: | Passcode: 860903 |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:    02/09/2021

/s/ STEVEN I. LOCKE

*Judge's signature*

Steven I. Locke, U.S.M.J.

*Printed name and title*

**Print**    **Save As...**    **Reset**

# U.S. District Court
# Eastern District of New York (Central Islip)
# CRIMINAL DOCKET FOR CASE #: <u>2:21–mj–00164–SIL</u>–1

Case title: USA v. Rubenacker                    Date Filed: 02/09/2021
Other court case number:  1:21–mj–00172 District of Columbia

Assigned to: Magistrate Judge
Steven I. Locke

**<u>Defendant (1)</u>**

**Greg Rubenacker**                    represented by    **Michaelangelo Matera**
                                       Law Office of Michaelangelo Matera
                                       560 Broadhollow Road
                                       Suite 106
                                       Melville, NY 11747
                                       516–741–6700
                                       Fax: 516–741–6797
                                       Email: mmatera@materalaw.com
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*
                                       *Designation: Retained*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| None | |

| **<u>Highest Offense Level<br>(Opening)</u>** | |
| --- | --- |
| None | |

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| None | |

| **<u>Highest Offense Level<br>(Terminated)</u>** | |
| --- | --- |
| None | |

| **<u>Complaints</u>** | **<u>Disposition</u>** |
| --- | --- |
| 18:1752(a)(1) and (2) –––– KNOWINGLY ENTERING OR REMAINING IN ANY RESTRICTED BUILDING OR GROUNDS WITHOUT LAWFUL AUTHORITY and | |

USCA2 1

Title 40, USC Sections
5104(e)(2)(D)& (G) (VIOLENT
ENTRY AND DISORDERLY
CONDUCT ON CAPITOL
GROUNDS)

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Olatokunbo Olaniyan** |
| | | DOJ–USAO |
| | | 271A Cadman Plaza East |
| | | Brooklyn, NY 11201 |
| | | 718–254–6317 |
| | | Email: olatokunbo.olaniyan@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Government Attorney* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/09/2021 | 1 | | RULE 40/5 AFFIDAVIT by USA as to Greg Rubenacker by Affiant Kevin Gallagher. (Gandiosi, Kristin) (Entered: 02/11/2021) |
| 02/09/2021 | | | Arrest (Rule 40/5) of Greg Rubenacker (Gandiosi, Kristin) (Entered: 02/11/2021) |
| 02/09/2021 | 2 | | Minute Entry for proceedings held before Magistrate Judge Steven I. Locke:Initial Appearance in Rule 5(c)(3) Proceedings as to Greg Rubenacker held on 2/9/2021. Special Agent Gallagher sworn to the affidavit. Defendant states his true name to be Greg Rubenacker. Defendant consents to the arraignment and removal to be conducted via the Court's WebEx Video Line. A Rule 5f has been entered. Identity hearing has been waived. An order setting conditions of release and bond has been entered. Next Court appearance scheduled for a date in February in front of the Duty Magistrate in the District of Columbia. The link for this appearance is below; https://uscourtsdcd.zoomgov.com/j/16189525787pwd=Wlh3MUY5VTRZTUFSYXM5REliN2UvZz09 Meeting ID: 161 8952 5787; Passcode: 860903. (Gandiosi, Kristin) (Entered: 02/11/2021) |
| 02/09/2021 | 3 | | ORDER: This order is entered pursuant to Federal Rule of Criminal Procedure 5(f) to confirm the prosecution's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations as to Greg Rubenacker. Ordered by Magistrate Judge Steven I. Locke on 2/9/2021. (Gandiosi, Kristin) (Entered: 02/11/2021) |
| 02/09/2021 | 4 | | ORDER Setting Conditions of Release as to Greg Rubenacker (1) $ 50,000. Ordered by Magistrate Judge Steven I. Locke on 2/9/2021. (Gandiosi, Kristin) (Entered: 02/11/2021) |
| 02/09/2021 | 5 | | WAIVER of Rule 5(c)(3) Hearing by Greg Rubenacker (Gandiosi, Kristin) (Entered: 02/11/2021) |
| 02/09/2021 | 6 | | ORDER REQUIRING DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING as to Greg Rubenacker (1) $ 50,000. Ordered by Magistrate Judge Steven I. Locke on 2/9/2021. (Gandiosi, Kristin) (Entered: 02/11/2021) |